Not for Publication

UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
IN RE:                                    )    CASE NO.         08-33769 (LMW)
                                          )
  GLENN THERIAULT,                        )    CHAPTER          7
                                          )
        DEBTOR.                           )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
  KAMCO SUPPLY CORPORATION OF             )    ADV. PRO. NO.    09-3019
  NEW ENGLAND,                            )
                                          )    DOC. I.D. NOS.   8, 16
        Plaintiff                         )
                                          )
  vs.                                     )
                                          )
  GLENN THERIAULT,                        )
                                          )
        Defendant.                        )
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

## APPEARANCES

Taryn D. Martin, Esq.                           Attorney for the Plaintiff, Kamco Supply
Law Office of Robert A. Ziegler                 Corporation of New England
58 East Main Street
Plainville, CT 06062

Christopher M. Royston, Esq.                    Attorney of the Defendant Debtor
Coan, Lewendon, Gulliver & Miltenberger, LLC
495 Orange Street
New Haven, CT 06511

Richard Belford, Esq.                           Chapter 7 Trustee
Nine Trumbull Street
New Haven, CT 06511

## BRIEF MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Lorraine Murphy Weil, United States Bankruptcy Judge

**WHEREAS,** this adversary proceeding was commenced on February 24, 2009 when the above-referenced plaintiff ("Kamco") filed a complaint (A.P. Doc. I.D. No. 1, the "Complaint") against the above-referenced defendant (the "Debtor"). The Complaint is in two counts: "Count I" seeks to avoid certain transfers from the Debtor to his wife pursuant to 11 U.S.C. § 548; "Count II" seeks a declaration of nondischargeability pursuant to 11 U.S.C. § 523(a)(2)(A) with respect to a certain debt allegedly owed by the Debtor to Kamco;

**WHEREAS,** on March 19, 2009, the Debtor filed a motion to dismiss (A.P. Doc. I.D. No. 8, the "Motion to Dismiss") the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable here by Rule 7012 of the Federal Rules of Bankruptcy Procedure) on the following arguments: (a) Kamco lacked standing to bring Count I (and further that Count I violated the automatic stay); and (b) Count II failed to state a claim for nondischargeability under Section 523(a)(2)(A);

**WHEREAS,** on April 9, 2009, Kamco filed an objection (A.P. Doc. I.D. No. 16, the "Objection" to the Motion To Dismiss;

**WHEREAS,** oral argument ("Oral Argument") was scheduled on the Motion To Dismiss and the Objection for May 29, 2009;

**WHEREAS,** on May 26, 2009, the court issued an order (A.P. Doc. I.D. No. 19) requiring Richard Belford, Esq., the chapter 7 trustee (the "Trustee") in the underlying case, to appear at the Oral Argument;

**WHEREAS,** the Oral Argument was convened as scheduled. Counsel for Kamco and the Debtor appeared and argued. The Trustee also appeared and (among other things) advised the court that he did not object to Kamco's prosecuting Count I;[1]

**WHEREAS,** at the Oral Argument the court ruled from the bench that: (1) Count I did not violate the automatic stay; (2) Count I failed to name a necessary party defendant (*i.e.,* the property transferee (the wife)) and Count I would have to be amended in that regard; and (3) it would be advisable for Kamco to amend Count II;

**NOW, THEREFORE,** in accordance with the foregoing, it hereby is **ORDERED** that, on or before July 3, 2009, Kamco shall (a) file an amended Count I to name the necessary party defendant (and shall effectuate service of process with respect to the same) and (b) file and serve (upon the Trustee, the United States Trustee and all creditors and parties in interest) a motion for leave to prosecute (the "Motion for Leave") Count I on behalf of the estate. If Kamco shall fail to comply with any of the foregoing, the Motion To Dismiss may be granted as to Count I without further notice or a hearing; and it is further

**ORDERED,** that on or before July 3, 2009, (a) Kamco shall file and serve an amended Count II and (b) file a memorandum of law addressing the issue of whether such amended Count II should be deemed to "relate back" to the filing of the Complaint (the "Relation Back Issue"). If

---

[1] *Cf. PW Enterprises, Inc. v. North Dakota Racing Commission (In re Racing Services, Inc.),* 540 F.3d 892 (8th Cir.), *on remand,* No. 06-7020, 2008 WL 4831479 (Bankr. D. N.D. Nov. 5, 2008).

Kamco shall fail to comply with the foregoing, the Motion To Dismiss may be granted as to Count II without further notice or a hearing;[2] and it is further

**ORDERED,** that on or before July 24, 2009, (a) the Debtor shall file his response to the Motion for Leave and (b) the Debtor shall file a supplemental motion to dismiss (the "Supplemental Motion To Dismiss") and a supporting memorandum of law, both with respect to the Relation Back Issue. Failure of the Debtor to file the Supplemental Motion To Dismiss or the supporting memorandum of law with respect to the Relation Back Issue may be deemed to be a waiver of that issue by the Debtor; and it is further

**ORDERED,** that the hearing on the Motion To Dismiss and the Objection is continued to August 5, 2009 at 2:00 p.m. Any hearing on the Motion for Leave and/or the Supplemental Motion To Dismiss shall be scheduled for the same date and time and shall be on an evidentiary basis; and it is further

**ORDERED** that the Clerk's Office shall serve this order by this court's CM/ECF system (if applicable, otherwise by first-class mail) upon the Trustee, counsel for Kamco and counsel for the Debtor.

Dated: June 1, 2009                                        BY THE COURT

                                                           Lorraine Murphy Weil
                                                           United States Bankruptcy Judge

---

[2] Kamco is granted leave to file the aforesaid amendments (which may be combined in one amended Complaint).